ALLEN SMITH, EXECUTOR,

v.

JOSEPH SMITH.

*Administration—Claim—Alleged Settlement Between Claimant and Deceased—Counter-claim—Whether Included in Settlement—Instruction.*

Upon the case presented, which was a claim by a son against the estate of his father for sundry items, alleged to have been acknowledged by the father at a settlement made between the parties, where the defense presented a counter-claim, this court holds that it was error for the court to instruct the jury that if they believed the evidence as to the alleged settlement, such settlement afforded *prima facie* evidence that all claims which the deceased held against his son, were paid off.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Stark County; the Hon. N. E. WORTHINGTON, Judge, presiding.

Messrs. M. A. FULLER and M. SHALLENBERGER, for appellant.

Messrs. FRANK THOMAS and B. F. THOMPSON, for appellee.

MR. JUSTICE HARKER. Appellee filed his claim against the estate of his father, Conrad Smith, in the County Court of Stark County. The items were $700 for borrowed money, $1,080 for corn, $947 for improvements placed upon a farm rented from his father, and $157 interest. Upon a trial in the County Court, judgment was entered in favor of the claimant for $2,361. On an appeal to the Circuit Court a trial resulted in a verdict, and judgment in favor of the claimant for $2,730. The defense, upon the trial in the Circuit Court, contended that Conrad Smith did not at the time of his death owe the claimant anything, but that the claimant was indebted to him in the sum of $1,400 for money which he had raised upon his own security and paid to the claimant as a loan. The claim of appellee rests en-

tirely upon a settlement testified to by two sons of appellee, as occurring at his house in October, 1887. The items for corn, borrowed money, and most of the improvement were more than twenty years old at the time of the alleged settlement. While we are inclined to look with suspicion upon these stale claims and the testimony which takes them out of the statute of limitations, we should not reverse the judgment for that reason. The jury should have allowed the counter-claim of $1,400, however. The evidence shows that Conrad Smith borrowed $700 of J. J. Green and $700 of Scott & Wrigley for appellee, and that appellee received the money. Conrad paid the notes after appellee removed from the State to Oregon. The jury must have reached the conclusion that the $1,400 was taken into account and adjusted between the two parties at the time of the settlement. Into this they were evidently misled by the fourth instruction given for the claimant, which told the jury that if the parties had an accounting together and made a settlement of their accounts, and Conrad Smith promised to pay the claimant $700 on account of borrowed money, $1,080 on account of corn, and such sums for improvements as the improvements were reasonably worth, then the fact that such accounting and settlement were had and such promises of payment made, was *prima facie* evidence that all the claims which Conrad Smith had against the claimant were settled, adjusted and paid off. Such an instruction is proper only in a case where the settlement was a general one and purported to include all the demands and counter demands between the parties. The evidence shows that at the time of the settlement in October, 1887, nothing else than the three items claimed by appellee were considered. The notes which had been given to secure the $1,400 borrowed by Conrad Smith for appellee, were not mentioned. The proofs further show that appellee, after the date of the settlement and just as he started for Oregon, in conversations with different parties, recognized the $1,400 indebtedness. The evidence did not justify the instruction.

The judgment will be reversed and the cause remanded for another trial.                    *Reversed and remanded.*